UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KNOX ASSOCIATES, INC.
d/b/a THE KNOX COMPANY,
an Arizona corporation,

Plaintiff,

vs.

EMERGENCY ACCESS SYSTEMS, INC.,
a Rhode Island corporation,

Defendant.

CA 05 053 S

C.A. NO.

## COMPLAINT

Plaintiff Knox Associates, Inc. d/b/a The Knox Company ("Knox") brings this action against Defendant Emergency Access Systems, Inc. ("EAS") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Complaint arises under, *inter alia*, §§ 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), as amended, and the common law of the State of Rhode Island.

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), the parties being citizens of different states and the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over EAS because it is a Rhode Island corporation and resides in this Judicial District.

1

4. Venue is proper under 28 U.S.C. § 1391(b), EAS resides in this Judicial District and the claims in part have arisen in this Judicial District.

## II. THE PARTIES

5. Knox is an Arizona corporation with its principal place of business at 1601 W. Deer Valley Road Phoenix, AZ 85027. For almost thirty years, Knox has designed, manufactured, and sold high security storage vaults used to store keys to residential and other properties for use during emergencies (the "KNOX® Products").

6. Upon information and belief, EAS is a Rhode Island corporation with its principal place of business located at 1120 Slocum Road, North Kingstown, Rhode Island 02874. Until December 31, 2000, EAS was an authorized distributor and seller of KNOX® Products in Rhode Island, Connecticut, and Massachusetts. Since at least March 2001, EAS has been selling products similar to KNOX® Products in competition with Knox.

## III. ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

### A. Knox's Business

7. Since 1975, KNOX® Products, including the KNOX-BOX® Rapid Entry System, have provided non-destructive emergency access to commercial and residential properties.

8. KNOX® Products store keys to residential and other properties for use during emergencies and are important tools for fire departments and other emergency personnel.

9. Property owners store entrance keys, access cards, and floor plans in high-security KNOX-BOXES® mounted near their building entrances. Each KNOX-BOX® in the community is keyed to a single master key supplied by Knox and controlled by fire department and/or emergency personnel.

10. In emergencies, firemen, policemen, and other emergency personnel gain access to premises by using a master key to open a KNOX-BOX® located outside the premises. By using keys and/or access cards from the KNOX-BOX® to access the building (rather than breaking down doors or shattering windows), emergency personnel are less likely to be injured, save valuable time in responding to the emergency, and spare property owners the expense of replacing destroyed door and windows. The keys also allow emergency personnel to re-secure undamaged doors after an emergency.

11. KNOX® Products have a superlative reputation for reliability and durability, which Knox has developed at great expense and effort over 30 years.

**B. Knox's Trademarks**

12. Knox currently owns and uses certain trademarks, including KNOX® and KNOX-BOX®, in connection with the marketing and sale of its KNOX® Products nationwide. As a result of its extensive use over the past thirty years, Knox has developed, at great expense and effort, extensive goodwill in its trademarks in connection with security goods.

13. Knox owns the federally registered trademark KNOX-BOX®. Knox first used KNOX-BOX® in interstate commerce at least as early as September 25, 1975, and received federal Registration No. 7,407,619 for KNOX-BOX® from the United States Patent and Trademark Office on July 2, 1991. Knox's trademark was renewed effective July 2, 2001. (A true and accurate copy of the Certified KNOX-BOX ® trademark registration is attached as Exhibit 1.)

14. Knox also owns the federally registered trademark KNOX®. Knox first used KNOX® in interstate commerce on or about September 30, 1975 and received federal registration 2,072,103 for KNOX® from the United States Patent and Trademark Office on June

17, 1997. (A true and accurate copy of the Certified KNOX ® trademark registration is attached as Exhibit 2.)

15. Knox has continuously used the KNOX-BOX® and the KNOX® marks in interstate commerce since September, 1975 in connection with "wall-mounted metal lock boxes for securing access keys to building and/or storage areas."

16. As a consequence of Knox's extensive sales, marketing, advertising, and distribution in interstate commerce, and the quality reputation of its products, the above trademarks have become well known in emergency and safety industries and among consumers as identifiers of Knox's products and services and to distinguish Knox's products and services from the products and services of others.

17. As a result, Knox's trademarks have become valuable assets of Knox and a principal source of its extensive goodwill.

**C. EAS' Activities**

18. From approximately 1992 through December 31, 2000, EAS acted as Knox's "sales representative" or sales "agent" first in Rhode Island and then expanding to Massachusetts and Connecticut. During this period of time, EAS was Knox's exclusive sales representative for several years.

19. The Agency Agreement between EAS and Knox expressly provides that upon termination of the Agency Agreement for any reason, EAS shall immediately cease using Knox's trademarks.

20. On or about March 2001, EAS began manufacturing and selling a line of lock box products in competition with Knox.

21. Knox filed suit in September 2001 against EAS in the United States District Court for the District of Rhode Island alleging, among other things, trademark infringement, trade dress infringement, unfair competition, misappropriation of trade secrets, conversion and tortious interference with business relations.

22. After two years of litigation, EAS and Knox reached a settlement agreement ("the Settlement Agreement") that resolved the pending disputes between them. As part of the consideration for the settlement, EAS agreed to entry of a permanent injunction enjoining it from using any Knox trademark.

23. EAS operates and maintains a web site located at http://easkeybox.com. A true and accurate copy of the HTML code for EAS' web site is attached as Exhibit 3.

24. The meta tag to EAS' web site contains the terms "knox", "knoxbox", "postal key keeper" and "key keeper."

25. "Postal key keeper" and "key keeper" are the names of certain KNOX® Products. Those names are not used as a standard in the lock box industry.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1125(a))**

26. The allegations of Paragraphs 1 through 25 are repeated, realleged, and incorporated by reference as though fully set forth herein.

27. EAS had actual knowledge of Knox's ownership and prior use of the KNOX-BOX® and KNOX® trademarks.

28. Without Knox's consent, EAS has used Knox's KNOX-BOX® and KNOX® marks with the intent to trade upon Knox's reputation and goodwill by causing confusion and mistake

among customers and the public, and by deceiving them. By these acts, EAS has infringed Knox's KNOX-BOX® and KNOX® trademark rights in violation 15 U.S.C. § 1125(a).

29. EAS' use of Knox's KNOX-BOX® and KNOX® trademarks constitutes a wrongful and unlawful use in commerce of words, terms, names, symbols, dress, devices, combinations, and/or false or misleading designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact which:

a. are likely to cause confusion or to cause mistake or to deceive as to affiliation, connection, or association of EAS with Knox;

b. are likely to cause confusion or to cause mistake as to the origin, sponsorship or approval of EAS' goods or commercial activities by Knox; and

c. misrepresent the nature, characteristics, or qualities of EAS' goods, services, or commercial activities in commercial advertising and promotional materials.

30. Knox is further informed and believes, and thereon alleges, that the foregoing conduct by EAS has been knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive, all in disregard of Knox's rights.

31. By reason of EAS' acts, Knox has suffered and will continue to suffer damages to its business, reputation and goodwill and loss of sales and profits Knox would have realized but for EAS' acts. Unless restrained and enjoined, EAS will continue to engage in the acts complained of herein and irreparably damage Knox. Knox's remedy at law is not adequate to compensate it for all the resulting injuries arising from EAS' actions.

**COUNT II**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1))**

32. The allegations of Paragraphs 1 through 31 are repeated, realleged, and incorporated by reference as though fully set forth herein.

33. Knox owns the federally registered trademarks KNOX® and KNOX-BOX®.

34. EAS' use of the KNOX® and KNOX-BOX® trademarks is likely to cause confusion as to the source of EAS' goods, in that purchasers thereof will be likely to associate such goods as being manufactured by, affiliated with, or sponsored by Knox.

35. EAS had actual knowledge of Knox's prior use of the KNOX® and KNOX-BOX® trademarks.

36. Without the consent of Knox, EAS has knowingly and deliberately adopted and used Knox's federally registered trademarks with the intent to trade upon Knox's reputation and goodwill by causing confusion and mistake among customers and by deceiving them.

37. Knox is further informed and believes, and thereon alleges, that the foregoing conduct by EAS has been knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive, all in disregard of Knox's rights.

38. Knox is informed and believes and thereupon alleges that EAS' conduct as described herein has caused damage to Knox in an amount to be determined at trial.

39. Because of EAS' conduct, Knox has been irreparably harmed in its business.

40. Moreover, Knox has no adequate remedy at law to address this harm, and will continue to suffer irreparable harm unless EAS is restrained from unfairly using Knox's trademarks or a mark or marks confusingly similar to Knox's registered trademark to promote and sell EAS' goods.

**COUNT III**
**UNFAIR COMPETITION**

41. The allegations of Paragraphs 1 through 40 are repeated, realleged, and incorporated by reference as though fully set forth herein.

42. Because EAS has placed Knox trademarks in its meta tag, consumers searching the Internet for Knox or Knox Box products will hit EAS' web site. As a result, consumers using the Internet to find Knox will be directed to EAS.

43. Because EAS has placed the names of certain KNOX® Products in its meta tag (specifically, "postal key keeper" and "key keeper"), consumers searching for these KNOX® products will hit EAS' web site. As a result, consumers using the Internet to find Knox will be directed to EAS.

44. By reason of the foregoing acts, EAS has unfairly competed with Knox in violation of Rhode Island common law.

45. By reason of EAS' actions, EAS has irreparably injured the consumer recognition and goodwill associated with the Knox's KNOX® and KNOX BOX® trademarks, and such injury will continue unless enjoined by this Court. Knox's remedy at law is not adequate to compensate it for all the resulting injuries arising from the EAS' actions.

46. EAS' wrongful and unlawful conduct has caused and will cause injury and other losses to Knox.

47. Knox is informed and believes, and thereon alleges, that EAS has derived, received, and will continue to derive and receive from the aforesaid acts of unfair competition gains, profits, and advantages, many of which are not presently known to Knox. By reason of the aforesaid acts of unfair competition, Knox has been, and will continue to be, greatly damaged in an amount to be determined at trial.

**COUNT III**
**BREACH OF CONTRACT**

48. The allegations of Paragraphs 1 through 47 are repeated, realleged, and incorporated by reference as though fully set forth herein.

49. Pursuant to the terms of the Settlement Agreement, EAS agreed to and was permanently enjoined from using all Knox trademarks.

50. EAS has breached and continues to breach the Settlement Agreement by using the KNOX® and KNOX-BOX® trademarks in its web site.

51. Up to the time it discovered EAS' breach, Knox had fully performed all of its obligations and has satisfied all of its conditions for performance under the Settlement Agreement.

52. Knox is informed and believes, and thereon alleges, that unless restrained and enjoined by this Court, EAS will continue to breach the Settlement Agreement.

53. By reason of the above actions, and as a foreseeable, direct, and proximate result of the EAS' breach of the Settlement Agreement, Knox has suffered irreparable injury to its rights, loss of goodwill and reputation, and pecuniary damages, and will continue to suffer such injury, loss, and damage unless and until Knox is granted specific performance of the Settlement Agreement.

54. Knox is informed and believes, and thereon alleges, that EAS has derived, received, and will continue to derive and receive from the aforesaid breach of contract, gains, profits, and advantages, many of which are not presently known to Knox.

55. By reason of the above actions, and as a foreseeable, direct, and proximate result of the EAS' breach of the Settlement Agreement, Knox has been, and will continue to be, greatly damaged in an amount not presently ascertained but to be determined at trial. Further, such

damage will continue and increase unless and until Knox is granted specific performance of the Settlement Agreement.

56. Knox is informed and believes, and thereon alleges, that EAS' acts will continue to cause substantial irreparable harm to Knox unless and until further breach of contract by EAS is preliminarily and permanently enjoined.

57. EAS' breach has been deliberate and in bad faith.

58. Knox is therefore entitled to both preliminary and permanent injunctive relief, specific performance, as well as damages as provided by law.

WHEREFORE, Knox prays for judgment against EAS as follows:

A. That EAS be adjudged to have violated the provisions of 15 U.S.C. §1125(a) by its wrongful and unlawful use of Knox's KNOX® and KNOX-BOX® trademarks, and that EAS' violations be adjudged to have been willful;

B. That Knox's federal trademark Registration No. 7,407,619 for the KNOX-BOX® trademark be deemed valid;

C. That Knox's federal trademark Registration No. 2,072,103 the KNOX® trademark be deemed valid;

D. That EAS be adjudged to have violated the provisions of 15 U.S.C. § 1114(1) by infringing Knox's KNOX® and KNOX-BOX® trademarks, and that such trademark infringement be adjudged to have been willful;

E. That EAS be adjudged to have competed unfairly with Knox under the common law of the State of Rhode Island, and that such unfair competition be adjudged to have been willful;

F. That EAS be adjudged to have breached the Settlement Agreement with Knox under the common law of the State of Rhode Island, and that such breach of contract be adjudged to have been willful;

G. That EAS, its officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with EAS who receive actual notice of this order by personal service or otherwise, be forthwith preliminarily and thereafter permanently restrained and enjoined from:

(1) infringing Knox's KNOX-BOX® trademark;

(2) infringing Knox's KNOX® trademark;

(3) unfairly competing with Knox in any manner whatsoever; and

(4) breaching the Settlement Agreement with Knox.

H. That EAS be directed to file with this Court and serve on Knox with thirty (30) days after service of the injunction, a written report, under oath, setting forth in detail the manner and form in which EAS has complied with the injunction;

I. That EAS be required to account to Knox for any and all profits derived by it, and all damages sustained by Knox, by reason of EAS' trademark infringement complained of herein;

J. That EAS be ordered to pay over to Knox all damages which Knox has sustained as a consequence of the trademark infringement complained of herein, subject to proof at trial, and that Knox be awarded EAS' profits derived by reason of said acts, or as determined by said accounting;

K. That such damages and profits be trebled and awarded to Knox pursuant to 15 U.S.C. § 1117;

L. That EAS be required to account to Knox for any and all damages sustained by Knox as a result of EAS' breach of contract complained of herein;

M. An accounting and an award of damages by virtue of EAS' unfair competition, as complained of herein, subject to proof at trial, and an award to Knox of EAS' profits and unjust enrichment derived by reason of EAS' acts, all as determined by the accounting;

N. That Knox be awarded specific performance of the Agency Agreement;

O. That Knox be awarded reasonable attorneys' fees and prejudgment interest;

P. That Knox be awarded its costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117 and R.I.G.L. § 9-1-45;

Q. Subject to proof at trial, that Knox be awarded an assessment of exemplary damages and punitive damages against EAS; and

R. That Knox be awarded such other and further relief as this Court may deem just.

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

THE KNOX COMPANY
By its Attorneys

Robert M. Duffy, Esq. (#4428)
Stacey P. Nakasian, Esq. (#5069)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: February 10, 2005

*Knox\EAS\Pleadings\Federal Court\Second Federal Action\Verified Complaint*

11"

688725

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 11, 2003

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,649,269* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *July 02, 1991*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM *July 02, 2001*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
*REGISTRANT*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. Edelen

L. EDELEN
Certifying Officer

Int. Cl.: 6

Prior U.S. Cls.: 13 and 25

Reg. No. 1,649,269

United States Patent and Trademark Office Registered July 2, 1991

## TRADEMARK
## PRINCIPAL REGISTER

# KNOX-BOX

KNOX COMPANY, THE (CALIFORNIA CORPORATION)
846 PRODUCTION PLACE
NEWPORT BEACH, CA 92663

FOR: WALL-MOUNTED METAL LOCK BOXES FOR SECURING ACCESS KEYS TO BUILDINGS AND/OR STORAGE AREAS, IN CLASS 6 (U.S. CLS. 13 AND 25).

FIRST USE 9-25-1975; IN COMMERCE 9-30-1975.

SER. NO. 74-079,619, FILED 7-19-1990.

BLAINE T. KUSER, EXAMINING ATTORNEY

112"

687906

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 03, 2003

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,072,103* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *June 17, 1997*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
*REGISTRANT*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

Int. Cl.: 6

Prior U.S. Cls.: 2, 12, 13, 14, 23, 25, and 50

Reg. No. 2,072,103

United States Patent and Trademark Office

Registered June 17, 1997

## TRADEMARK
### PRINCIPAL REGISTER

# KNOX

KNOX COMPANY, THE (CALIFORNIA CORPORATION)
17672 ARMSTRONG
IRVING, CA 92714

FOR: METAL KEY SECURITY HOLDERS FOR SECURING ACCESS OF KEYS TO BUILDINGS AND/OR STORAGE AREAS; METAL SECURITY BOX FOR SECURED PROTECTION OF KEYS FOR EMERGENCY USE, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 9-30-1975; IN COMMERCE 9-30-1975.

OWNER OF U.S. REG. NO. 1,649,269.

SEC. 2(F).

SN 74-509,260, FILED 3-30-1994.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY

113''



```
<!HAS_PCS_TAGS>
<HTML>
<HEAD>
<TITLE>EAS Key Box Fire Department Key Box Rescue Box Emergency Box</TITLE>
<META NAME="keywords" content="fire-department key box rescue box rescue prevention
safety firefinder hotspotter hot spotter supra key box emergency knoxbox knox box
chief key box vault cabinet hazmat police sheriff medical post office postal key
keeper key keeper">
<META NAME="description" content="EAS Key Box Fire Department Key Box Rescue Box
Emergency Box ">
<META HTTP-EQUIV="Content-Type" CONTENT="text/html; charset=iso-8859-1">

<body bgcolor="#FFFFFF" text="#990033">
<div align="center"><img src="oct/logo.jpg" width="199" height="48">
  <table width="700" border="8" cellpadding="4" cellspacing="2">
    <tr>
      <td>
        <div align="center"><a href="2004/2500/2500.pdf"><img src="oct/2500-3sm.jpg"
width="192" height="160" border="0"><br>
          <font size="6"><b><font size="5">EAS MODEL 2500</font></b></font><font
size="5"><br>
          <font size="4">For residential applications</font></font> </a></div>
      </td>
      <td>
        <div align="center"><a href="5000.html"><img src="oct/5000-5sm.jpg"
width="171" height="135" border="0"><br>
          <font size="6"><b><font size="5">EAS MODEL 5000</font></b></font><font
size="5"><br>
          <font size="4">For commercial applications</font></font></a></div>
      </td>
      <td>
        <div align="center"><a href="6000.html"><img src="2004/6000/600-1.jpg"
width="172" height="157" border="0"><br>
          <b><font size="5">EAS MODEL 6000</font></b><br>
          <font size="4">For commercial applications</font></a></div>
      </td>
    </tr>
    <tr>
      <td>
        <div align="center"><font size="5"><b><font size="6"><a
href="2004/orderform/orderform.pdf">Order
          Form </a></font></b></font></div>
      </td>
      <td>
        <div align="center"><font size="6"><a href="2004/orderform/fire.pdf">Fire
          Department<br>
          Registration Form</a></font></div>
      </td>
      <td>
        <div align="center"><font size="6"><a
href="2004/orderform/pricelist.pdf">PRICE
          LIST</a></font> </div>
      </td>
    </tr>
  </table>
  <p> </p>
  <p align="center"><font size="5"><b>EMERGENCY ACCESS SYSTEMS, INC.</b></font><br>
    P.O. Box 1811, Kingston, RI 02881</p>
  <p align="center">Tel: 401-295-7707 &#149; Fax: 401-295-7708</p>
  <p align="center">Email Us: <a
href="mailto:easkeybox@aol.com">easkeybox@aol.com</a></p>
  <p align="center"><font size="5">877-562-5269<br>
    Toll Free: 877 (Lock Box)</font></p>
```

```
  <p><font size="2">[ <a href="default.html">Home</a> | <a
href="2004/2500/2500.pdf">EAS
    Model 2500</a> | <a href="5000.html">EAS Model 5000</a> | <a
href="6000.html">EAS
    Model 6000</a> | <a href="2004/orderform/orderform.pdf">Order Form</a> | <a
href="2004/orderform/fire.pdf">Fire
    Department Registration Form</a> | <a href="2004/orderform/pricelist.pdf">Price
    List</a> | <a href="contact.html">Contact Us</a> ]</font></p>
</div>
</body>
</html>
```