UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KNOX ASSOCIATES, INC. d/b/a THE KNOX COMPANY, an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EMERGENCY ACCESS SYSTEMS, INC., a Rhode Island corporation,<br><br>Defendant. | C.A. NO. 05-053 |

**FIRST AMENDED COMPLAINT**

Plaintiff Knox Associates, Inc. d/b/a The Knox Company ("Knox") brings this action against Defendant Emergency Access Systems, Inc. ("EAS") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Complaint arises under, *inter alia*, §§ 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), as amended, 17 U.S.C. § 101 et seq., and the common law of the State of Rhode Island.

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), the parties being citizens of different states and the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over EAS because it is a Rhode Island corporation and resides in this Judicial District.

2

4. Venue is proper under 28 U.S.C. § 1391(b), EAS resides in this Judicial District and the claims in part have arisen in this Judicial District.

## II. THE PARTIES

5. Knox is an Arizona corporation with its principal place of business at 1601 W. Deer Valley Road Phoenix, AZ 85027. For almost thirty years, Knox has designed, manufactured, and sold high security storage vaults used to store keys to residential and other properties for use during emergencies (the "KNOX® Products").

6. Upon information and belief, EAS is a Rhode Island corporation with its principal place of business located at 1120 Slocum Road, North Kingstown, Rhode Island 02874. Until December 31, 2000, EAS was an authorized distributor and seller of KNOX® Products in Rhode Island, Connecticut, and Massachusetts. Since at least March 2001, EAS has been selling products similar to KNOX® Products in competition with Knox.

## III. ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

### A. Knox's Business

7. Since 1975, KNOX® Products, including the KNOX-BOX® Rapid Entry System, have provided non-destructive emergency access to commercial and residential properties.

8. KNOX® Products store keys to residential and other properties for use during emergencies and are important tools for fire departments and other emergency personnel.

9. Property owners store entrance keys, access cards, and floor plans in high-security KNOX-BOXES® mounted near their building entrances. Each KNOX-BOX® in the community is keyed to a single master key supplied by Knox and controlled by fire department and/or emergency personnel.

10. In emergencies, firemen, policemen, and other emergency personnel gain access to premises by using a master key to open a KNOX-BOX® located outside the premises. By using keys and/or access cards from the KNOX-BOX® to access the building (rather than breaking down doors or shattering windows), emergency personnel are less likely to be injured, save valuable time in responding to the emergency, and spare property owners the expense of replacing destroyed door and windows. The keys also allow emergency personnel to re-secure undamaged doors after an emergency.

11. KNOX® Products have a superlative reputation for reliability and durability, which Knox has developed at great expense and effort over 30 years.

**B. Knox's Trademarks and Copyrights**

12. Knox currently owns and uses certain trademarks, including KNOX® and KNOX-BOX®, in connection with the marketing and sale of its KNOX® Products nationwide. As a result of its extensive use over the past thirty years, Knox has developed, at great expense and effort, extensive goodwill in its trademarks in connection with security goods.

13. Knox owns the federally registered trademark KNOX-BOX®. Knox first used KNOX-BOX® in interstate commerce at least as early as September 25, 1975, and received federal Registration No. 1,649,269 for KNOX-BOX® from the United States Patent and Trademark Office on July 2, 1991. Knox's trademark was renewed effective July 2, 2001. (A true and accurate copy of the Certified KNOX-BOX® trademark registration is attached as Exhibit 1.)

14. Knox also owns the federally registered trademark KNOX®. Knox first used KNOX® in interstate commerce on or about September 30, 1975 and received federal registration 2,072,103 for KNOX® from the United States Patent and Trademark Office on June 17, 1997.

(A true and accurate copy of the Certified KNOX® trademark registration is attached as Exhibit 2.)

15. Knox has continuously used the KNOX-BOX® and the KNOX® marks in interstate commerce since September, 1975 in connection with "wall-mounted metal lock boxes for securing access keys to building and/or storage areas."

16. As a consequence of Knox's extensive sales, marketing, advertising, and distribution in interstate commerce, and the quality reputation of its products, the above trademarks have become well known in emergency and safety industries and among consumers as identifiers of Knox's products and services and to distinguish Knox's products and services from the products and services of others.

17. As a result, Knox's trademarks have become valuable assets of Knox and a principal source of its extensive goodwill.

18. Knox has created, published and distributed copyrighted brochures and forms in connection with the promotion and sale of KNOX® Products. (Copies of Knox's copyrighted brochures and forms are attached as Exhibits 3 through 6). Knox owns the copyrights on those brochures and forms as follows:

| Knox Document | United States Copyright Registration and Date |
|---|---|
| 3200 Series Lift-Off Spec Sheet | TX6-097-687 (February 18, 2005) |
| 4400 Series Spec Sheet | TX6-097-688 (February 18, 2005) |
| 1650 Series Lift-Off Spec Sheet | TX6-097-689 (February 18, 2005) |
| Knox Program Registration Form | TX6-097-690 (February 18, 2005) |

(Copies of Knox's Certificates of Copyright Registration for the above-referenced copyrights are attached as Exhibits 7 through 10). These brochures and forms will be referred to herein as the "Knox Copyrighted Material."

**C. EAS' Activities**

19. From approximately 1992 through December 31, 2000, EAS acted as Knox's "sales representative" or sales "agent" first in Rhode Island and then expanding to Massachusetts and Connecticut. During this period of time, EAS was Knox's exclusive sales representative for several years.

20. The Agency Agreement between EAS and Knox expressly provides that upon termination of the Agency Agreement for any reason, EAS shall immediately cease using Knox's trademarks.

21. On or about March 2001, EAS began manufacturing and selling a line of lock box products in competition with Knox.

22. During the period that it was an authorized Knox sales agent, EAS promoted and used the toll-free number 1-800-KNOX-BOX to promote and sell KNOX® Products.

23. After it ceased to be a Knox sales agent, EAS continued to use that toll-free number to promote and sell both KNOX® Products and its competing line of lock box products.

24. Knox filed suit in September 2001 against EAS in the United States District Court for the District of Rhode Island alleging, among other things, trademark infringement, trade dress infringement, unfair competition, misappropriation of trade secrets, conversion and tortious interference with business relations.

25. After two years of litigation, EAS and Knox reached a settlement agreement ("the Settlement Agreement") that resolved the pending disputes between them.

26. As part of the consideration for the settlement, EAS agreed to entry of a permanent injunction. Among other things, EAS agreed to be permanently enjoined from (1) using any Knox trademark and (2) "diverting sales of Knox products to sales of EAS products through use of Knox order forms or by encouraging prospective customers to purchase an EAS product when that customer has contacted EAS seeking to purchase a Knox product."

27. In the Settlement Agreement, EAS agreed to cease using the phone number 1-800-566-9269 (1-800-KNOX-BOX) and to assign that number to Knox.

28. Beginning in or around June 2000, Knox began promoting and using the toll-free number 1-866-566-9269, which corresponds to 1-866-KNOX-BOX.

29. Beginning in or around January 2004, Knox began promoting and using the toll-free number 1-800-566-9269, which corresponds to 1-800-KNOX-BOX.

30. EAS operates and maintains a web site located at www.easkeybox.com. A true and accurate copy of the HTML code for EAS' web site is attached as Exhibit 11.

31. The meta tag to EAS' web site contains the terms "knox", "knoxbox", "postal key keeper" and "key keeper."

32. "Postal key keeper" and "key keeper" are the names of certain KNOX® Products. Those names are not used as a standard in the lock box industry.

33. EAS currently disseminates and uses a number of brochures and an order form in connection with promoting its product line and obtaining sales from customers.

34. Upon information and belief, EAS intentionally copied – nearly word-for-word – Knox's Copyrighted Material in creating its brochures and order form. (Copies of EAS' versions of the Knox forms are attached as Exhibits 12 through 15). A side-by-side comparison of the Knox Copyrighted Material and EAS' brochures and forms demonstrates EAS' wholesale

pirating of the Knox documents, but for minor alterations to replace Knox's product name with EAS' product name.

35. At no time did EAS obtain Knox' permission to copy the Knox Copyrighted Materials.

36. EAS is currently using the toll-free numbers 1-877-566-9269 and 1-888-566-9269. Those numeric numbers correspond to 1-877-KNOX-BOX and 1-888-KNOX-BOX, respectively.

37. Upon information and belief, EAS began use of those numbers after assigning the 1-800-KNOX-BOX number to Knox.

38. EAS did not disclose to Knox its use of or intention to use those toll-free numbers at any time prior to the Settlement Agreement.

## COUNT I
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1125(a))

39. The allegations of Paragraphs 1 through 38 are repeated, realleged, and incorporated by reference as though fully set forth herein.

40. EAS had actual knowledge of Knox's ownership and prior use of the KNOX-BOX® and KNOX® trademarks.

41. Without Knox's consent, EAS has used Knox's KNOX-BOX® and KNOX® marks with the intent to trade upon Knox's reputation and goodwill by causing confusion and mistake among customers and the public, and by deceiving them. By these acts, EAS has infringed Knox's KNOX-BOX® and KNOX® trademark rights in violation 15 U.S.C. § 1125(a).

42. EAS' use of Knox's KNOX-BOX® and KNOX® trademarks constitutes a wrongful and unlawful use in commerce of words, terms, names, symbols, dress, devices,

combinations, and/or false or misleading designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact which:

a. are likely to cause confusion or to cause mistake or to deceive as to affiliation, connection, or association of EAS with Knox;

b. are likely to cause confusion or to cause mistake as to the origin, sponsorship or approval of EAS' goods or commercial activities by Knox; and

c. misrepresent the nature, characteristics, or qualities of EAS' goods, services, or commercial activities in commercial advertising and promotional materials.

43. Knox is further informed and believes, and thereon alleges, that the foregoing conduct by EAS has been knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive, all in disregard of Knox's rights.

44. By reason of EAS' acts, Knox has suffered and will continue to suffer damages to its business, reputation and goodwill and loss of sales and profits Knox would have realized but for EAS' acts. Unless restrained and enjoined, EAS will continue to engage in the acts complained of herein and irreparably damage Knox. Knox's remedy at law is not adequate to compensate it for all the resulting injuries arising from EAS' actions.

**COUNT II**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1))**

45. The allegations of Paragraphs 1 through 44 are repeated, realleged, and incorporated by reference as though fully set forth herein.

46. Knox owns the federally registered trademarks KNOX® and KNOX-BOX®.

47. EAS' use of the KNOX® and KNOX-BOX® trademarks is likely to cause confusion as to the source of EAS' goods, in that purchasers thereof will be likely to associate such goods as being manufactured by, affiliated with, or sponsored by Knox.

48. EAS had actual knowledge of Knox's prior use of the KNOX® and KNOX-BOX® trademarks.

49. Without the consent of Knox, EAS has knowingly and deliberately adopted and used Knox's federally registered trademarks with the intent to trade upon Knox's reputation and goodwill by causing confusion and mistake among customers and by deceiving them.

50. Knox is further informed and believes, and thereon alleges, that the foregoing conduct by EAS has been knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive, all in disregard of Knox's rights.

51. Knox is informed and believes and thereupon alleges that EAS' conduct as described herein has caused damage to Knox in an amount to be determined at trial.

52. Because of EAS' conduct, Knox has been irreparably harmed in its business.

53. Moreover, Knox has no adequate remedy at law to address this harm, and will continue to suffer irreparable harm unless EAS is restrained from unfairly using Knox's trademarks or a mark or marks confusingly similar to Knox's registered trademark to promote and sell EAS' goods.

**COUNT III**
**COPYRIGHT INFRINGEMENT**

54. The allegations of Paragraphs 1 through 53 are repeated, realleged, and incorporated by reference as though fully set forth herein.

55. Knox is the owner of the copyrights for the Knox Copyrighted Material under the Copyright Act, 17 U.S.C. § 101 et seq.

56. The Knox Copyrighted Material is copyrightable subject matter under 17 U.S.C. § 102.

57. In February 2005, Knox obtained Certificates of Copyright Registration for the Knox Copyrighted Material. (See Exhibits 7 though 10)

58. Knox has complied with all statutory formalities of the Copyright Act, 17 U.S.C. § 101 et seq., as necessary to bring an action against EAS for infringement for Knox's copyrights in the Knox Copyrighted Material.

59. At various times EAS distributed, published and/or used brochures and forms in connection with the promotion or sale of its EAS products that infringe the copyrights in the Knox Copyrighted Material in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

60. EAS acted willfully in infringing Knox's copyrights in the Knox Copyrighted Material.

61. As a result of EAS' willful infringement of Knox's copyrights, Knox has suffered and continues to suffer damages and irreparable injury including, but not limited to, the loss of commercial value of the Knox Copyrighted Material described above, loss of the value of its copyrights, loss of good will and other injuries to Knox's business.

62. EAS has been unjustly enriched and Knox is entitled to an accounting of EAS' profits. EAS' foregoing activities have damaged Knox in an amount as yet unknown, but if EAS' foregoing activities continue, Knox will continue to suffer irreparable injury and additional damage.

**COUNT IV**
**UNFAIR COMPETITION**

63. The allegations of Paragraphs 1 through 62 are repeated, realleged, and incorporated by reference as though fully set forth herein.

64. Because EAS has placed Knox trademarks in the meta tag to its website, consumers searching the Internet for Knox or Knox Box products hit EAS' web site. As a result, consumers using the Internet to find Knox have been directed to EAS.

65. Because EAS has placed the names of certain KNOX® Products in its meta tag (specifically, "postal key keeper" and "key keeper"), consumers searching for these KNOX® products hit EAS' web site. As a result, consumers using the Internet to find Knox have been directed to EAS.

66. By reason of the foregoing acts, EAS has unfairly competed with Knox in violation of Rhode Island common law.

67. By reason of EAS' actions, EAS has irreparably injured the consumer recognition and goodwill associated with the Knox's KNOX® and KNOX-BOX® trademarks, and such injury will continue unless enjoined by this Court. Knox's remedy at law is not adequate to compensate it for all the resulting injuries arising from the EAS' actions.

68. Upon information and belief, EAS is using the toll-free numbers 1-877-566-9269 and 1-888-566-9269, which correspond to 1-877-KNOX-BOX and 1-888-KNOX-BOX respectively, in order to receive calls from customers attempting to reach Knox.

69. EAS' aforesaid acts of copyright infringement and use of toll-free numeric numbers that correspond to Knox's KNOX-BOX® mark are a violation and derogation of Knox's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of EAS' products and services, thereby causing loss, damage and injury to Knox and to the purchasing public. EAS knew, or in the exercise of reasonable care should have known, that its conduct was likely to so mislead the public.

70. EAS' aforesaid acts constitute unfair competition in violation of common law.

71. The foregoing acts of EAS have been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Knox's rights.

72. EAS' wrongful acts, as alleged above, have permitted and will permit it to make substantial sales and profits on the strength of Knox's nationwide marketing, advertising, promotion and consumer recognition.

73. By reason of the aforesaid acts of unfair competition, Knox has been, and will continue to be, greatly damaged in an amount to be determined at trial.

74. Knox is informed and believes, and thereon alleges, that EAS has derived, received, and will continue to derive and receive from the aforesaid acts of unfair competition gains, profits, and advantages, many of which are not presently known to Knox.

75. EAS' aforesaid acts have caused and are causing irreparable harm and damage to Knox, and unless permanently retrained by this Court, Knox will continue to suffer such irreparable harm as a result of EAS' acts.

**COUNT V**
**TORTIOUS INTERFERENCE**

76. The allegations of Paragraphs 1 through 75 are repeated, realleged, and incorporated by reference as though fully set forth herein.

77. EAS, by its aforesaid acts of using Knox's registered marks in its website's meta tag, has interfered with Knox's prospective business relations with customers using the Internet to locate Knox.

78. EAS, by its aforesaid acts of using the toll-free numbers 1-877-566-9269 and 1-888-566-9269, which correspond to 1-877-KNOX-BOX and 1-888-KNOX-BOX respectively,

has interfered with Knox's prospective business relations with customers dialing those numbers in order to reach Knox.

79. The foregoing acts of EAS have been knowing, deliberate, willful, intentional, in disregard of Knox's rights and without justification.

80. EAS' aforesaid acts constitute tortious interference in violation of common law.

81. EAS' wrongful acts, as alleged above, have permitted and will continue to permit EAS to make substantial sales and profits through its wrongful interference with Knox's prospective business relations.

82. EAS' wrongful and unlawful conduct has caused and will cause injury and other losses to Knox.

83. Knox is informed and believes, and thereon alleges, that EAS has derived, received, and will continue to derive and receive from the aforesaid acts of tortious interference gains, profits, and advantages, many of which are not presently known to Knox.

84. EAS' aforesaid acts have caused and are causing irreparable harm and damage to Knox, and unless permanently retrained by this Court, Knox will continue to suffer such irreparable harm as a result of EAS' acts.

## COUNT VI
## BREACH OF CONTRACT

85. The allegations of Paragraphs 1 through 84 are repeated, realleged, and incorporated by reference as though fully set forth herein.

86. Pursuant to the terms of the Settlement Agreement, EAS agreed to and was permanently enjoined from using all Knox trademarks.

87. EAS has breached and continues to breach the Settlement Agreement by using the KNOX® and KNOX-BOX® trademarks in its web site.

88. Pursuant to the terms of the Settlement Agreement, EAS agreed to and was permanently enjoined from diverting sales of Knox products to sales of EAS products through use of Knox order forms or by encouraging prospective customers to purchase an EAS product when that customer has contacted EAS seeking to purchase a Knox product.

89. EAS has breached and continues to breach the Settlement Agreement by using a copy of Knox's copyrighted order form to sell its competing products.

90. EAS has breached and continues to breach the Settlement Agreement by using the toll-free numbers 1-877-566-9269 and 1-888-566-9269 in connection with the promotion and sale of EAS products. Those toll-free numbers correspond to 1-877-KNOX-BOX and 1-888-KNOX-BOX, respectively.

91. Knox promotes and uses the numbers 1-866-566-9269 and 1-800-566-9269, which correspond to 1-866-KNOX-BOX and 1-800-KNOX-BOX, respectively.

92. Upon information and belief, EAS has received and continues to receive calls on its 877-566-9269 and 888-566-9269 numbers from customers seeking to purchase a Knox product. Upon further information and belief, EAS has encouraged and, unless enjoined, will continue to encourage such customers to purchase EAS products.

93. Up to the time it discovered EAS' breach, Knox had fully performed all of its obligations and has satisfied all of its conditions for performance under the Settlement Agreement.

94. EAS' breaches have been deliberate and in bad faith.

95. Knox is informed and believes, and thereon alleges, that unless restrained and enjoined by this Court, EAS will continue to breach the Settlement Agreement.

96. By reason of the above actions, and as a foreseeable, direct, and proximate result of the EAS' breach of the Settlement Agreement, Knox has suffered irreparable injury to its rights, loss of goodwill and reputation, and pecuniary damages, and will continue to suffer such injury, loss, and damage unless and until Knox is granted specific performance of the Settlement Agreement.

97. Knox is informed and believes, and thereon alleges, that EAS has derived, received, and will continue to derive and receive from the aforesaid breach of contract, gains, profits, and advantages, many of which are not presently known to Knox.

98. By reason of the above actions, and as a foreseeable, direct, and proximate result of the EAS' breach of the Settlement Agreement, Knox has been, and will continue to be, greatly damaged in an amount not presently ascertained but to be determined at trial. Further, such damage will continue and increase unless and until Knox is granted specific performance of the Settlement Agreement.

99. Knox is informed and believes, and thereon alleges, that EAS' acts will continue to cause substantial irreparable harm to Knox unless and until further breach of contract by EAS is preliminarily and permanently enjoined.

100. Knox is therefore entitled to both preliminary and permanent injunctive relief, specific performance, as well as damages as provided by law.

WHEREFORE, Knox prays for judgment against EAS as follows:

A. That EAS be adjudged to have violated the provisions of 15 U.S.C. §1125(a) by its wrongful and unlawful use of Knox's KNOX® and KNOX-BOX® trademarks, and that EAS' violations be adjudged to have been willful;

B. That Knox's federal trademark Registration No. 1,649,269 for the KNOX-BOX® trademark be deemed valid;

C. That Knox's federal trademark Registration No. 2,072,103 the KNOX ® trademark be deemed valid;

D. That EAS be adjudged to have violated the provisions of 15 U.S.C. § 1114(1) by infringing Knox's KNOX® and KNOX-BOX® trademarks, and that such trademark infringement be adjudged to have been willful;

E. That EAS be adjudged to have violated Knox's copyrights in the Knox Copyrighted Material, and that such violation be adjudged to have been willful;

F. That EAS be adjudged to have competed unfairly with Knox under the common law of the State of Rhode Island, and that such unfair competition be adjudged to have been willful;

G. That EAS be adjudged to have tortiously interfered with Knox's prospective business relations under the common law of the State of Rhode Island, and that such tortious interference be adjudged to have been willful;

H. That EAS be adjudged to have breached the Settlement Agreement with Knox under the common law of the State of Rhode Island, and that such breach of contract be adjudged to have been willful;

I. That EAS, its officers, agents, servants, employees, attorneys, successors, assigns and all other persons acting in concert, participation, or privity with EAS who receive actual notice of this order by personal service or otherwise, be forthwith preliminarily and thereafter permanently restrained and enjoined from:

(1) infringing Knox's KNOX-BOX® trademark;

(2) infringing Knox's KNOX® trademark;

(3) violating Knox's copyrights in the Knox Copyrighted Material;

(4) unfairly competing with Knox in any manner whatsoever;

(5) tortiously interfering with Knox's prospective business relations; and

(4) breaching the Settlement Agreement with Knox.

J. That EAS be directed to file with this Court and serve on Knox with thirty (30) days after service of the injunction, a written report, under oath, setting forth in detail the manner and form in which EAS has complied with the injunction;

K. That EAS be required to account to Knox for any and all profits derived by it, and all damages sustained by Knox, by reason of EAS' trademark infringement complained of herein;

L. That EAS be ordered to pay over to Knox all damages which Knox has sustained as a consequence of the trademark infringement complained of herein, subject to proof at trial, and that Knox be awarded EAS' profits derived by reason of said acts, or as determined by said accounting;

M. That such damages and profits be trebled and awarded to Knox pursuant to 15 U.S.C. § 1117;

N. That EAS be required to account and pay to Knox all gains, profits and advantages derived from its infringement of Knox's copyrights, and/or at Knox's election in lieu thereof, statutory damages as provided by 17 U.S.C. § 504(c).

O. That EAS be required to account to Knox for any and all damages resulting from EAS' breaches of contract complained of herein;

P. An accounting and an award of damages by virtue of EAS' unfair competition, as complained of herein, subject to proof at trial, and an award to Knox of EAS' profits and unjust enrichment derived by reason of EAS' acts, all as determined by the accounting;

Q. An accounting and an award of damages by virtue of EAS' tortious interference, as complained of herein, subject to proof at trial, and an award to Knox of EAS' profits and unjust enrichment derived by reason of EAS' acts, all as determined by the accounting;

R. That Knox be awarded specific performance of the Settlement Agreement;

S. That Knox be awarded prejudgment interest;

T. That Knox be awarded its costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117, 17 U.S.C. § 505, and R.I.G.L. § 9-1-45;

U. Subject to proof at trial, that Knox be awarded an assessment of exemplary damages and punitive damages against EAS; and

V. That Knox be awarded such other and further relief as this Court may deem just.

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

THE KNOX COMPANY
By its Attorneys

Robert M. Duffy, Esq. (#4428)
Stacey P. Nakasian, Esq. (#5069)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: March 11, 2005

*Knox\EAS\Pleadings\Federal Court\Second Federal Action\Verified Complaint*

**CERTIFICATION**

TO: Charles S. Beal, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of *Amended Complaint* to be sent via hand delivery to the above-named counsel of record on the 4th day of March 2005.

Elva Hanson

*Knox\EAS\Pleadings\Federal Court\Second Federal Action\Amended Complaint*