UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KNOX ASSOCIATES, INC.,
d/b/a THE KNOX COMPANY,
a California corporation,
Plaintiff,

v. C.A. No. 05-053

EMERGENCY ACCESS SYSTEMS, INC.,
a Rhode Island corporation,
Defendant.

## ANSWER AND COUNTERCLAIM

Defendant, Emergency Access Systems, Inc. ("EAS"), answers the Complaint of Plaintiff, Knox Associates, Inc., d/b/a The Knox Company ("Knox"), as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

2. Denied.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

5. EAS denies knowledge or information sufficient to form a belief as to the truth of the statement in Paragraph 5 regarding Knox's new business address. The remainder of Paragraph 5 is admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. EAS admits that Knox products have an excellent reputation for reliability and durability. EAS denies the remaining allegations of Paragraph 11.

12. EAS admits that Knox currently owns and uses the Knox and Knox Box trademarks. EAS denies the remainder of the Paragraph.

13. EAS denies knowledge or information sufficient to form a belief as to the truth of Paragraph 13.

14. EAS denies knowledge or information sufficient to form a belief as to the truth of Paragraph 14.

15. EAS denies knowledge or information sufficient to form a belief as to the truth of Paragraph 15.

16. Denied.

17. Denied.

18. EAS denies that it was Knox's agent, but admits the remainder of the allegations of Paragraph 18.

19. EAS refers the Court to the written agreement of the parties for its content.

20. Admitted.

21. Admitted.

22. Admitted.

23. EAS admits that it hired a website consultant to maintain a website on its behalf and admits that its address is http:\\easkeybox.com. EAS denies the remainder of the allegations contained in Paragraph 23 of the Complaint.

24. Denied.

25. Denied.

26. EAS repeats and restates its responses to Paragraphs 1 through 25 of the Complaint as if set forth fully herein.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. EAS repeats and restates its responses to Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Admitted.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. EAS repeats and restates its responses to Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. EAS repeats and restates its responses to Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. EAS refers the Court to the Settlement Agreement for its contents.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Knox has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by its own breaches of the Settlement Agreement.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because the conduct complained of was by third parties not under the control of EAS.

**EIGHTH AFFIRMATIVE DEFENSE**

Knox has not suffered any damages as a result of the conduct alleged.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Knox has suffered any damages (which alleged damages are expressly denied), it failed to mitigate them.

WHEREFORE, Defendant, Emergency Access Systems, Inc., respectfully requests that judgment enter in its favor against Knox Associates, Inc., awarding costs and attorneys' fees pursuant to 15 U.S.C. § 1117 (a) and *R.I.G.L.* § 9-1-45 and that Court award such further relief as it deems just and appropriate.

**COUNTERCLAIM**

1. Counterclaim Plaintiff EAS is a Rhode Island corporation with its principal place of business located at 1120 Slocum Road, North Kingstown, Rhode Island 02874.

2. Counterclaim Defendant Knox is, upon information and belief, an Arizona corporation with its principal place of business located at 1601 W. Deervalley Road, Phoenix, Arizona 85027.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 (a).

4. This Court has personal jurisdiction over Knox because it has voluntarily submitted to the jurisdiction of this Court.

5. Venue is proper under 28 U.S.C. § 1391 (b) because EAS resides in this district.

**Facts Common To All Counts**

6. During the 1990's, EAS acted as a distributor for Counterclaim Defendant Knox's products. In December of 2000, Knox terminated EAS in breach of the Distributor Agreement in place between the parties.

7. As a result of the wrongful termination, EAS initiated an action in the Providence County Superior Court which, by agreement of the parties, was later transferred to Washington County Superior Court (the "State Court Action"). EAS alleged in the State Court Action that Knox had wrongfully terminated EAS as a distributor of its products.

8. In the Fall of 2002, EAS prevailed in the State Court Action by obtaining a jury verdict against Knox in the amount of $256,000.00, plus interest.

9. In September of 2001, Knox had brought its own action in this Court, claiming, among other things, that EAS had infringed upon its trade dress in marketing its own competitive products (the "First Federal Court Action").

10. On the eve of trial in the Fall of 2003, the parties entered into a global settlement of the two actions under which the parties agreed to enter into a Consent Judgment and Settlement Agreement. The Settlement Agreement provided, among other things, that Knox would pay certain sums of money to EAS pursuant to a specified payment schedule.

11. The last payment pursuant to the payment schedule, in the amount of $55,000.00, was due on or about February 10, 2005.

12. On or about the date that its last payment was due, Knox initiated the instant action. Knox has failed to make the last payment required under the contract.

13. EAS has performed all of its obligations under the Settlement Agreement and Consent Judgment.

**COUNT I**
**(Breach of Contract)**

14. EAS repeats and realleges the allegations contained within Paragraphs 1 through 13 of the Counterclaim as though set forth fully herein.

15. Knox's failure to make the last payment due pursuant to the Settlement Agreement is in breach of the Settlement Agreement.

16. EAS has been damaged by Knox's breach of the contract.

**COUNT II**
**(Breach of the Implied Duty of Good Faith and Fair Dealing)**

17. EAS repeats and realleges the allegations contained within Paragraphs 1 through 16 of the Counterclaim as though set forth fully herein.

18. By its above-described conduct, Knox has breached the implied duty of good faith and fair dealing underlying the Settlement Agreement.

19. As a result of Knox's breach of the implied duty of good faith and fair dealing, EAS has been greatly damaged.

WHEREFORE, EAS prays for judgment against Knox on its Counterclaim, awarding it the sum of $55,000.00, plus statutory interest, costs and attorneys' fees pursuant to *R.I.G.L.* § 9-1-45 and awarding such further relief as the Court deems just and appropriate.

EMERGENCY ACCESS SYSTEMS, INC.

By its Attorneys,

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

Date: March 11, 2005

**JURY DEMAND**

EAS hereby demands a trial by jury.

Charles S. Beal

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2005, a true copy of the within was sent, via first-class mail, postage prepaid, to Robert M. Duffy, Esq., Stacey P. Nakasian, Esq., Duffy & Sweeney, Ltd., One Turks Head Place, Suite 1200, Providence, Rhode Island 02903.

G:\CSB\EMERGACCESS\PLEADINGS-USDC\ANSWER.DOC