UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KNOX ASSOCIATES, INC.
d/b/a THE KNOX COMPANY,
an Arizona corporation,

Plaintiff,

vs.

EMERGENCY ACCESS SYSTEMS, INC.,
a Rhode Island corporation,

Defendant.

C.A. NO: 05-053 S

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, the Knox Company ("Knox"), hereby moves for an order of this Court temporarily restraining and preliminarily enjoining defendant Emergency Access Systems, Inc. ('EAS"), its officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with EAS from:

(1) violating Knox's copyrights in Knox copyrighted material; and

(2) using the toll-free numbers 877-566-9269, 999-566-9269, or any other phone number intended to divert Knox sales to EAS.

4

In support of its motion, Knox respectfully refers to the accompanying memorandum of law.

Respectfully submitted,

THE KNOX COMPANY
By its Attorneys

Robert M. Duffy (#4428)
Stacey P. Nakasian (#5069)
DUFFY SWEENEY & SCOTT, LTD
1200 Turks Head Building
Providence, RI 02903
(401) 455-0700
(401) 455-0701

March 29, 2005

**CERTIFICATION**

TO: Charles S. Beal, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* to be hand delivered to the above-named counsel of record on the 29th day of March 2005.

h:\knox\eas\pleadings\Second Fed. Suit\Motion for TRO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KNOX ASSOCIATES, INC.<br>d/b/a THE KNOX COMPANY,<br>an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EMERGENCY ACCESS SYSTEMS, INC.,<br>a Rhode Island corporation,<br><br>Defendant. | C.A. NO: 05-053 S |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**INTRODUCTION**

Knox Associates, Inc. ("Knox") submits this Memorandum in Support of its Motion for Temporary Restraining Order and Preliminary Injunction against defendant Emergency Access Systems, Inc. ("EAS"). EAS deliberately copied Knox copyrighted brochures and forms and is currently using the infringing material to promote and sell its competing line of lock box products. EAS also is using toll-free numbers that spell Knox's trademark KNOX-BOX® in order to divert to itself sales calls from Knox customers. By these acts, EAS is breaching its settlement agreement with Knox, violating federal copyright law, tortiously interfering with Knox's customer relations and engaging in unfair competition all to the substantial and irreparable detriment of Knox. Accordingly, Knox requests entry of an order temporarily restraining and preliminary enjoining EAS from (1) violating Knox's copyrights and (2) using the

toll-free numbers 877-566-9269, 999-566-9269, or any other phone number intended to divert Knox sales to EAS.

## FACTS[1]

### A. Knox's Business

For almost thirty years, Knox has designed, manufactured, and sold high security storage vaults used to store keys to residential and other properties for use during emergencies (the "KNOX® Products"). Since 1975, KNOX® Products, including the KNOX-BOX® Rapid Entry System, have provided non-destructive emergency access to commercial and residential properties. KNOX® Products store keys to residential and other properties for use during emergencies and are important tools for fire departments and other emergency personnel. Property owners store entrance keys, access cards, and floor plans in high-security KNOX-BOXES® mounted near their building entrances. Each KNOX-BOX® in the community is keyed to a single master key supplied by Knox and controlled by fire department and/or emergency personnel.

In emergencies, firemen, policemen, and other emergency personnel gain access to premises by using a master key to open a KNOX-BOX® located outside the premises. By using keys and/or access cards from the KNOX-BOX® to access the building (rather than breaking down doors or shattering windows), emergency personnel are less likely to be injured, save valuable time in responding to the emergency, and spare property owners the expense of replacing destroyed door and windows. The keys also allow emergency personnel to re-secure undamaged doors after an emergency. KNOX® Products have a superlative reputation for reliability and durability, which Knox has developed at great expense and effort over 30 years.

[1] The facts set forth herein are fully supported by the First Amended Complaint, the allegations of which are verified in the Affidavit of Dohn Trempala filed with this Motion.

**B. Knox's Trademarks and Copyrights**

Knox currently owns and uses certain trademarks, including KNOX® and KNOX-BOX®, in connection with the marketing and sale of its KNOX® Products nationwide. As a result of its extensive use over the past thirty years, Knox has developed, at great expense and effort, extensive goodwill in its trademarks in connection with security goods.

Knox also has created, published and distributed copyrighted brochures and forms in connection with the promotion and sale of KNOX® Products. (Copies of Knox's copyrighted brochures and forms are attached as Exhibits 3 through 6 to the First Amended Complaint). Knox owns the copyrights on those brochures and forms as follows:

| Knox Document | United States Copyright Registration and Date |
|---|---|
| 3200 Series Lift-Off Spec Sheet | TX6-097-687 (February 18, 2005) |
| 4400 Series Spec Sheet | TX6-097-688 (February 18, 2005) |
| 1650 Series Lift-Off Spec Sheet | TX6-097-689 (February 18, 2005) |
| Knox Program Registration Form | TX6-097-690 (February 18, 2005) |

(Copies of Knox's Certificates of Copyright Registration for the above-referenced copyrights are attached as Exhibits 7 through 10 to the First Amended Complaint). These brochures and forms will be referred to herein as the "Knox Copyrighted Material."

Beginning in or around June 2000, Knox began promoting and using the toll-free number 1-866-566-9269, which corresponds to 1-866-KNOX-BOX®, in connection with the marketing and sale of KNOX® Products and services. Beginning in or around January 2004, Knox also began promoting and using the toll-free number 1-800-566-9269, which corresponds to 1-800-KNOX-BOX®.

## C. EAS' Business and the Prior Federal Action

From approximately 1992 through December 31, 2000, EAS acted as Knox's "sales representative" or sales "agent" first in Rhode Island and then expanding to Massachusetts and Connecticut. During this period of time, EAS was Knox's exclusive sales representative for several years. The Agency Agreement between EAS and Knox expressly provides that upon termination of the Agency Agreement for any reason, EAS shall immediately cease using Knox's trademarks.

On or about March 2001, EAS began manufacturing and selling a line of lock box products in competition with Knox. In September 2001, Knox filed an action in this Court alleging, among other things, that EAS had committed various torts and statutory violations in connection with the promotion and sale of its competing product line, including trademark infringement, trade dress infringement, unfair competition, misappropriation of trade secrets, conversion and tortious interference with business relations.

After two years of litigation, EAS and Knox reached a settlement agreement ("the Settlement Agreement") that resolved the pending disputes between them. As part of the consideration for the settlement, EAS agreed to the entry of a permanent injunction. Among other things, EAS agreed to be permanently enjoined from (1) using any Knox trademark and (2) "diverting sales of Knox products to sales of EAS products through use of Knox order forms or by encouraging prospective customers to purchase an EAS product when that customer has contacted EAS seeking to purchase a Knox product."

**D. <u>EAS' Copyright Infringement</u>**

Knox owns federal copyrights on the brochures and forms it uses to promote and sell its KNOX® Products. EAS has copied (nearly word-for-word) those forms and is using them to market and sell its competing product line.

**E. <u>EAS' Toll-Free Numbers</u>**

During the period that it was an authorized Knox sales agent, EAS promoted and used the toll-free number 1-800-KNOX-BOX® to sell KNOX® Products. After it ceased to be a Knox sales agent, EAS continued to use that toll-free number to promote and sell both KNOX® Products and its competing line of lock box products. Knox alleged in the prior federal action that EAS' use of that number in competition with Knox constituted trademark infringement and unfair competition under Rhode Island common law.

The facts discovered in that case indicated that Knox customers were calling the 800-KNOX-BOX® number to purchase KNOX® Products and, instead, were being offered EAS products. Knox wanted to ensure that there would be no future diversion by EAS of its customers or sales. Accordingly, as a condition to the settlement, Knox insisted that EAS assign the 800-KNOX-BOX® number to Knox and that EAS agree to be enjoined from further efforts to divert Knox sales. EAS agreed to both conditions and the Permanent Injunction entered.

As required by the Settlement Agreement, EAS assigned the 800-KNOX-BOX® number to Knox. The numeric complement of that number is 800-566-9269. At some point, without informing Knox, EAS began using two other toll-free numbers that spell out the KNOX-BOX® mark, specifically, 877-566-9269 and 888-566-9269, and continues to do so to the present. These numbers are confusingly similar to the number EAS assigned to Knox and to 866-566-9269, which is another toll-free number Knox uses.

## ARGUMENT

"A plaintiff must demonstrate four criteria in order to be granted a TRO: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Meo v. Wall*, 2002 U.S. Dist. LEXIS 15396, *2-3 (D.R.I. 2002) *citing Planned Parenthood League of Mass. V. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981). The same standard applies to Knox's request for preliminary injunction. *See Ross-Simon of Warwick, Inc. v. Baccarat, Inc.*, 103 F.3d 12, 15 (1st Cir. 1996). Applying this standard to the facts at issue, this Court should grant Knox's motion for temporary and preliminary injunctive relief

**A. Knox is likely to succeed on the merits of its claims.**

Knox brings this action to enforce its rights under its federally registered copyrights and to prevent EAS' ongoing breach of contract, tortious interference and unfair competition prohibited by Rhode Island Common law.

**1. EAS is infringing Knox copyrights.**

"To prevail on a claim of copyright infringement, the plaintiff must show both ownership of a valid copyright and illicit copying." *Bonazoli v. R.S.V.P. Int'l,* 2005 U.S. Dist. 1406 *4 (D.R.I. 2005) *citing Yankee Candle Co. v. Bridgewater Candle Co., LLC,* 259 F.3d 25, 33 (1st Cir. 2001). Knox's ownership in the copyrighted material is established by the certificates of copyright registration attached as Exhibits 7 through 10 to the First Amended Complaint. EAS's copying of the material is apparent from a side-by-side comparison of the two companies' brochures and forms. EAS' brochures present the same general format, identical

product sketches and, to a large degree, identical text as the Knox Copyrighted Material. A visual comparison of the documents establishes that rather than develop its own brochures and forms for its new product line, EAS simply copied the forms and brochures that Knox developed. In this respect, EAS is exploiting the investment of time and resources Knox has made in its promotional materials. These facts demonstrate a strong likelihood of success on the merits of Knox's copyright claims.

**2. EAS is breaching its contract with Knox, engaging in unfair competition and tortiously interfering with Knox business relations by using toll-free numbers spelling KNOX-BOX®.**

Knox is also likely to prevail on its claims relating to EAS' use of toll-free numbers that spell KNOX-BOX®. Knox alleges that EAS' use of those numbers constitutes a breach of the Settlement Agreement, tortious interference with potential Knox customers and unfair competition under Rhode Island law. EAS agreed in the Settlement Agreement that it would assign the 800-KNOX-BOX® number to Knox and be enjoined from further diversion of Knox sales "by encouraging prospective customers to purchase an EAS product when that customer has contacted EAS seeking to purchase a Knox product." Permanent Injunction para. 4. Knox insisted on this settlement provision because it wanted to prevent EAS from using the toll-free KNOX-BOX® number to intercept calls from customers seeking to reach Knox.

Although EAS assigned the 800-566-9269 number to Knox, unbeknownst to Knox, it was then or later began using 877-566-9269 and 888-566-9269 to promote and sell EAS products. Like the 800-KNOX-BOX® number, those numbers also spell out KNOX-BOX® and are, other than their toll-free exchange, identical to the KNOX-BOX® number. There is only one reason that EAS would use those numbers – it hopes to capture calls from prospective customers seeking to reach Knox by dialing a toll-free KNOX-BOX® number. Clearly, EAS is attempting

to capitalize on the possibility that customers intending to reach Knox will misdial by using the 888 or 877 toll-free exchanges rather than the 800 or 866 toll-free exchanges, or will simply dial a toll-free KNOX-BOX® number on the assumption that it will lead them to Knox. EAS' nefarious intent is evidenced by the fact that at no time either before or after the settlement did it disclose to Knox that it was using these other toll-free numbers that correspond to Knox's KNOX-BOX® mark. Based on these facts, Knox has demonstrated a likelihood of success on its claim that EAS' actions violate the parties' Settlement Agreement.

The facts equally support a finding that Knox is likely to prevail on its claims of tortious interference and unfair competition. To prevail on its tortious interference claim, Knox must prove (1) the existence of a business relationship or expectancy; (2) that EAS knew about the relationship or expectancy; (3) that EAS intentionally interfered with the relationship without justification; (4) damages and proof that EAS' interference caused the harm sustained. *E.g., Mesolella v. City of Providence*, 508 A.2d 661, 669 (R.I. 1986). Knox has a clear expectancy of a business relationship with customers seeking to reach the company by calling its toll-free numbers. EAS is aware of that expectancy because, for the years it was a Knox distributor, it used the 800-KNOX-BOX® number to receive product orders from customers. The facts further demonstrate EAS' intentional interference. EAS has its own toll-free number, 877-562-5269, that it advertises and uses. *See, e.g.* Exhibits 12-14 to the First Amended Complaint. Why, then, does it need two other toll-free numbers, which numbers happen to spell KNOX-BOX®? Because it wants to intercept callers intending to reach Knox. Upon information and belief, EAS is marketing and selling its competing products to those callers. Its actions in doing so are tortious.

EAS' conduct also falls squarely within the definition of unfair competition under Rhode Island common law. The test of unfair competition is "whether the devise or means employed would be likely to confuse and mislead the public generally to purchase the product or patronize the shop of one person when the actual intention was to purchase the product or patronize the shop of another." *Fund of Community Progress v. United Way of Southeastern New England*, 695 A.2d 517, 521-22 (R.I. 1997). By its use of the toll-free KNOX-BOX® numbers, EAS is causing customers intending to "patronize" Knox's shop to "patronize" EAS' shop instead.

**B. Knox will Suffer Irreparable Harm if the Preliminary Injunction and Temporary Restraining Order are not Issued.**

As a matter of law, "a showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raises a presumption of irreparable harm." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir. 1983) (citations omitted); *see also Nimmer on Copyrights* § 14.06[A]. Because Knox has demonstrated a likelihood of success on the merits of its copyright infringement claim, the irreparable harm resulting from the ongoing infringement is presumed.

Knox also faces irreparable harm in the form of loss of goodwill from EAS' continued use of toll-free numbers that spell KNOX-BOX®. The extent and financial impact of EAS' diversion of Knox customers and resulting loss of goodwill may be difficult to quantify, but the damage is real, significant, ongoing and irreparable. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 66 F. Supp. 2d 317 (D.R.I. 1999) Thus, Knox will be irreparably harmed unless EAS is restrained from using those numbers.

## C. <u>The Balance of Hardships is Decidedly in Knox's Favor and the Public Interest Warrants Injunctive Relief.</u>

The equities are manifestly in Knox's favor since: (1) its copyright rights are being infringed; (2) EAS has intentionally copied Knox material to promote its competing product line; and (3) the public interest supports efforts to prevent consumers from being diverted from the company they intend to patronize.

In contrast, EAS has no equities in its favor. Weighing defendant's possible loss -- the desire to sell its own security products -- against Knox's possible loss (goodwill and reputation), the balance falls squarely in Knox's favor. Nothing is preventing EAS from developing its own, non-infringing brochures and forms – that is what it should have done in the first place. Moreover, EAS does not need to use the KNOX-BOX® numbers that it has. It has a third toll-free number that it uses to promote and sell its products. In fact, it is the third number that EAS publishes and advertises. The only sales it will lose if it is enjoined from using the KNOX-BOX® numbers are sales that rightfully belong to Knox.

## CONCLUSION

For the foregoing reasons, Knox respectfully requests that its Motion for Temporary Restraining Order and Preliminary Injunction be granted and that an Order enter temporarily restraining and preliminarily enjoining defendant Emergency Access Systems, Inc. ('EAS"), its officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with EAS from:

(1) violating Knox's copyrights in Knox copyrighted material; and

(2) using the toll-free numbers 877-566-9269, 999-566-9269, or any other phone number intended to divert Knox sales to EAS.

Respectfully submitted,

THE KNOX COMPANY,
By its Attorneys

Robert M. Duffy (#4428)
Stacey P. Nakasian (#5069)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: March 29, 2005

**CERTIFICATION**

TO: Charles S. Beal, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of *Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction to* be hand delivered to the above-named counsel of record on the 29th day of March 2005.

*Knox\EAS\Pleadings\Second Federal Suit\\Mem TRO*