UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
APR 01 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

KNOX ASSOCIATES, INC.
d/b/a THE KNOX COMPANY,
an Arizona corporation,

Plaintiff,

vs.

EMERGENCY ACCESS SYSTEMS, INC.,
a Rhode Island corporation,

Defendant.

C.A. NO: 05-053 S

**PLAINTIFF'S REPLY TO COUNTERCLAIM**

Plaintiff and Counterclaim Defendant Knox Associates, Inc. d/b/a the Knox Company ("Knox") responds to the Counterclaim filed by Defendant and Counterclaim Plaintiff Emergency Access Systems, Inc. ('EAS") as follows:

**FIRST DEFENSE**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Knox admits that from approximately 1993 through December 31, 2000, EAS acted as Knox's "sales representative" or sales "agent" first in Rhode Island and then expanding

6

to Massachusetts and Connecticut. Knox terminated EAS' Sales Agent Agreement effective December 31, 2000. To the extent not admitted, the allegations in this paragraph are denied.

7. Knox admits that EAS filed suit in Providence Superior Court which, by agreement, was transferred to Washington County. EAS alleged in that action that Knox had wrongfully terminated its Sales Agency Agreement. To the extent not admitted, the allegations in this paragraph are denied.

8. Knox admits that in October of 2002, EAS obtained a jury verdict against Knox in the amount of $256,000, plus interest. By way of further response, Knox states that it filed an appeal from that judgment.

9. Admitted.

10. Knox admits that in the fall of 2003, it entered into a Settlement Agreement with EAS which, among other things, provided for entry of a Permanent Injunction. Among other things, the Injunction prohibited EAS 1) from using any Knox trademarks; and 2) from "diverting sales of Knox products to sales of EAS products through use of Knox order forms or by encouraging perspective customers to purchase an EAS product when that customer has contacted EAS seeking to purchase a Knox product." The terms of the Settlement Agreement speak for themselves. To the extent not admitted, the allegations set forth in this paragraph are denied.

11. Denied.

12. Knox admits that on February 10, 2005, it filed this action asserting claims for trademark infringement, breach of contract and unfair competition arising out of EAS' use of Knox trademarks in the EAS website which EAS uses to promote and sell its competing line of products. At or about the same time, Knox also filed a Motion to Adjudge EAS in Contempt for

violating the Permanent Injunction entered by this Court pursuant to the parties' Settlement Agreement. On March 11, 2005, Knox Amended the Complaint in this action to add additional claims for copyright infringement and tortious interference, as well as unfair competition and breach of contract, resulting from EAS' wrongful use of toll free numbers that spell out the Knox mark KNOX-BOX® and from EAS' intentional copying of brochures and forms for which Knox has federally registered copyrights. Knox admits that it has not made the final payment contemplated by the parties Settlement Agreement in light of EAS' material and prior breach of that contract.

13. Denied.

**COUNT I**

**BREACH OF CONTRACT**

14. Knox incorporates by reference the responses contained in Paragraphs 1 through 13.

15. Denied.

16. Denied.

**COUNT II**

**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

17. Knox incorporates by reference the responses contained in Paragraphs 1 through 16.

18. Denied.

19. Denied.

**SECOND DEFENSE**

EAS has failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

EAS' claims are barred by the doctrine of unclean hands.

**FOURTH DEFENSE**

EAS' claims are barred by its breaches of the Settlement Agreement and its violation of the Permanent Injunction.

**FIFTH DEFENSE**

EAS' claims are barred by the doctrine of stoppel.

WHEREFORE, Knox requests that judgment enter in its favor against EAS, that the claims stated in the Counterclaim be dismissed, that Knox be awarded its costs and attorneys fees pursuant to Rhode Island Gen. Laws §9-1-45, and that it be awarded such further relief as the Court deems appropriate.

Respectfully submitted,

THE KNOX COMPANY
By its Attorneys

Robert M. Duffy (#4428)
Stacey P. Nakasian (#5069)
DUFFY SWEENEY & SCOTT, LTD
1200 Turks Head Building
Providence, RI 02903
(401) 455-0700
(401) 455-0701

April 1, 2005

**CERTIFICATION**

TO: Charles S. Beal, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of *Plaintiff's Reply to Counterclaim to* be hand delivered to the above-named counsel of record on the 1st day of April 2005.

h:\knox\eas\pleadings\Second Fed. Suit\Counterclaim Reply 03-30-05