UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KNOX ASSOCIATES, INC., d/b/a THE KNOX COMPANY, an Arizona corporation, Plaintiff,

v.

EMERGENCY ACCESS SYSTEMS, INC., a Rhode Island corporation, Defendant.

C.A. No. 05-053

**ANSWER TO THE FIRST AMENDED COMPLAINT, AMENDED COUNTERCLAIM AND JURY DEMAND**

Defendant, Emergency Access Systems, Inc. ("EAS" or "Defendant"), answers the Amended Complaint of Plaintiff, Knox Associates, Inc., d/b/a The Knox Company ("Knox" or "Plaintiff"), as follows:

1. Paragraph 1 of the Amended Complaint contains legal conclusions to which no response is required.

2. Paragraph 2 of the Amended Complaint contains legal conclusions to which no response is required, except that EAS expressly denies that the amount at issue with Knox's claims exceed the sum of $75,000.00, exclusive of interest and costs.

3. Paragraph 3 of the Amended Complaint contains legal conclusions to which no response is required.

4. Paragraph 4 of the Amended Complaint contains legal conclusions to which no response is required.

8

5. EAS denies knowledge or information sufficient to form a belief as to the truth of the statement in Paragraph 5 regarding Knox's new business address. The remainder of Paragraph 5 is admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. EAS admits that Knox products have an excellent reputation for reliability and durability. EAS denies the remaining allegations of Paragraph 11.

12. EAS admits that Knox currently owns and uses the Knox and Knox Box trademarks. EAS denies the remainder of the Paragraph.

13. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 13.

14. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 14.

15. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 15.

16. Denied.

17. Denied.

18. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 18.

19. EAS denies that it was Knox's agent, but admits the remainder of Paragraph 19.

20. EAS refers the Court to the written agreement of the parties for its contents.

21. Admitted.

22. Denied.

23. Denied.

24. Admitted.

25. EAS admits that EAS and Knox entered into a settlement agreement. EAS denies that it resolved the pending disputes between the parties, as Knox has improperly raised many of those issues again in this lawsuit.

26. EAS refers the Court to the permanent injunction for its contents.

27. Admitted.

28. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Admitted.

34. Denied.

35. EAS denies that Knox had copyrighted any of the materials in question at the time that EAS created its own brochures and order forms.

36. Denied.

37. Denied.

38. Denied.

39. EAS repeats and restates its responses to Paragraphs 1 through 38 of the Amended Complaint, as if set forth in full herein.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. EAS repeats and restates its responses to Paragraphs 1 through 44 of the Amended Complaint as though fully set forth herein.

46. Admitted.

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. EAS repeats and restates its responses to Paragraphs 1 through 53 of the Amended Complaint as though fully set forth herein.

55. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56. Denied.

57. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. EAS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. EAS repeats and restates its responses to Paragraphs 1 through 62 of the Amended Complaint, as though fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. EAS repeats and restates its responses to Paragraphs 1 through 75 of the Amended Complaint as though fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. EAS repeats and restates its responses to Paragraphs 1 through 84 of the Amended Complaint as though fully set forth herein.

86. EAS refers the Court to the terms of the settlement agreement and injunction for their content.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Knox has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by its own breaches of the Settlement Agreement.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because the conduct complained of was by third parties not under the control of EAS.

**EIGHTH AFFIRMATIVE DEFENSE**

Knox has not suffered any damages as a result of the conduct alleged.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Knox has suffered any damages (which alleged damages are expressly denied), it failed to mitigate them.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the release it gave to EAS as part of the Settlement Agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by Knox's failure to copyright the materials in question until long after the conduct alleged.

**TWELFTH AFFIRMATIVE DEFENSE**

Some or all of Knox's claims are barred by the applicable statutes of limitation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of collateral estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of *res judicata*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Some or all of the relief requested by Knox is barred by 17 U.S.C. § 412.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of the relief requested is barred by Knox's failure to give adequate notice of its alleged copyrights.

WHEREFORE, Defendant, Emergency Access Systems, Inc., respectfully requests that judgment enter in its favor against Knox Associates, Inc., awarding costs and attorneys' fees pursuant to 15 U.S.C. § 1117 (a), 17 U.S.C. § 505 and *R.I.G.L.* § 9-1-45 and that the Court award such further relief as it deems just and appropriate.

## AMENDED COUNTERCLAIM

1. Counterclaim Plaintiff EAS is a Rhode Island corporation with its principal place of business located at 1120 Slocum Road, North Kingstown, Rhode Island 02874.

2. Counterclaim Defendant Knox is, upon information and belief, an Arizona corporation with its principal place of business located at 1601 W. Deervalley Road, Phoenix, Arizona 85027.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 (a).

4. This Court has personal jurisdiction over Knox because it has voluntarily submitted to the jurisdiction of this Court.

5. Venue is proper under 28 U.S.C. § 1391 (b) because EAS resides in this district.

### Facts Common To All Counts

6. During the 1990's, EAS acted as an exclusive distributor for Counterclaim Defendant Knox's products in the States of Rhode Island, Connecticut and Massachusetts. In December of 2000, Knox terminated EAS in breach of the Distributor Agreement in place between the parties.

7. As a result of the wrongful termination, EAS initiated an action in the Providence County Superior Court which, by agreement of the parties, was later transferred to Washington County Superior Court (the "State Court Action"). EAS alleged in the State Court Action that Knox had wrongfully terminated EAS as a distributor of its products.

8. In the Fall of 2002, EAS prevailed in the State Court Action by obtaining a jury verdict against Knox in the amount of $256,000.00, plus interest and costs.

9. In September of 2001, Knox had brought its own action in this Court, claiming, among other things, that EAS had infringed upon its trade dress in marketing its own competitive products (the "First Federal Court Action").

10. On the eve of trial in the Fall of 2003, the parties entered into a global settlement of the two actions under which the parties agreed to enter into a Consent Judgment and Settlement Agreement. The Settlement Agreement provided, among other things, that Knox would pay certain sums of money to EAS pursuant to a specified payment schedule.

11. The last payment pursuant to the payment schedule, in the amount of $55,000.00, was due on or about February 10, 2005 (the "Final Payment").

12. On or about the date that its last payment was due, Knox initiated the instant action. Knox has failed to make the Final Payment required under the contract.

13. EAS has performed all of its obligations under the Settlement Agreement and Consent Judgment.

14. In an effort to avoid its contractual obligations by making the Final Payment and subsequent to the initiation of this lawsuit, upon information and belief, Knox secretly filed copyright applications relating to certain of its brochures, which it had been using for many years.

15. At the time that Knox filed the copyright applications, Knox was aware that EAS had been using the allegedly infringing brochures and order forms since at least 2001. Indeed, Knox had attached certain of these same brochures and order forms to its Complaint filed in the First Federal Court Action.

16. As part of the Settlement Agreement, Knox released EAS from any causes of action which it could have asserted in the First Federal Court Action.

17. Not only was Knox fully aware that EAS had been using the promotional materials and order form for years and released it for this conduct, but Knox never raised any objection to EAS's continued use of its forms.

18. Accordingly, by registering the copyrights in its promotional materials and order forms, even after the Final Payment was due, Knox has manufactured a cause of action for the ulterior purposes of (1) obtaining confidential financial information from EAS; (2) causing its much smaller competitor to spend exorbitant funds on legal fees in defending this matter; and (3) delaying or avoiding performance under the contract by making the Final Payment.

**COUNT I**
**(Breach of Contract)**

19. EAS repeats and realleges the allegations contained within Paragraphs 1 through 18 of the Counterclaim as though set forth fully herein.

20. Knox's failure to make the last payment due pursuant to the Settlement Agreement is in breach of the Settlement Agreement.

21. EAS has been damaged by Knox's breach of the contract.

**COUNT II**
**(Breach of the Implied Duty of Good Faith and Fair Dealing)**

22. EAS repeats and realleges the allegations contained within Paragraphs 1 through 21 of the Counterclaim as though set forth fully herein.

23. By its above-described conduct, Knox has breached the implied duty of good faith and fair dealing underlying the Settlement Agreement.

24. As a result of Knox's breach of the implied duty of good faith and fair dealing, EAS has been greatly damaged.

**COUNT III**
**(Abuse of Process)**

25. EAS repeats and realleges the allegations contained within Paragraphs 1 through 24 of the Counterclaim as though set forth fully herein.

26. As in the First Federal Court Action, when Magistrate-Judge Lovegreen found that Knox was "abus[ing] the discovery process" of this Court by its above-described conduct, Defendant has perverted the process of this Court in order to accomplish an ulterior or wrongful purpose for which it was not designed, including the following:

a. obtaining confidential financial information from EAS, wholly unrelated to the dubious claims that it is asserting in this matter;

b. causing its much small competitor to spend exorbitant funds on legal fees in defending the dubious claims asserted in this matter; and

c. using the dubious claims asserted in this matter as a pretext for delaying its performance under the Settlement Agreement by making the final payment due under it.

WHEREFORE, EAS prays for judgment against Knox on its Counterclaim, awarding it the sum of $55,000.00, plus statutory interest, costs and attorneys' fees pursuant to *R.I.G.L.* § 9-1-45 and awarding such further relief as the Court deems just and appropriate.

EMERGENCY ACCESS SYSTEMS, INC.

By its Attorneys,

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

Date: April 14, 2005

**JURY DEMAND**

EAS hereby demands a trial by jury.

Charles S. Beal

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2005, a true copy of the within was sent, via first-class mail, postage prepaid, to Robert M. Duffy, Esq., Stacey P. Nakasian, Esq., Duffy, Sweeney and Scott, One Turks Head Place, Suite 1200, Providence, Rhode Island 02903.

G:\CSB\EMERGACCESS\PLEADINGS-USDC05-053\ANSWER2.DOC